IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BETTY PICKERING and                                         PLAINTIFFS
PATTY PICKERING

VS.                           CASE NO. 4:07-CV-4120

JANICE WALKER                                               DEFENDANT

## ORDER

Before the Court is Defendant Janice Walker's Rule 12(b) Motion to Dismiss.  (Doc. 3).
Plaintiffs Betty Pickering and Patty Pickering have responded in opposition.  (Doc. 6).  The matter
is ripe for consideration.

## BACKGROUND

This action arises out of a family land title dispute in Sevier County, Arkansas.  Plaintiff
Betty Pickering, individually and as Community Administrator of Hubert Pickering, deeded legal
title to the real property in question to Patty Pickering and Defendant Janice Walker on October 30,
2006.  Plaintiff alleges that a confidential relationship existed between Betty Pickering and Janice
Walker, and that Walker promised to hold the property in her name for the benefit of Hubert and
Betty Pickering.  According to Plaintiffs, Walker was to distribute the property Betty Pickering had
deeded her as Community Administrator equally among Betty Pickering's children after the deaths
of both Hubert and Betty Pickering.  Plaintiffs also allege that Walker was to distribute back to Betty
Pickering the property Pickering had deeded Walker in her individual capacity at Pickering's request,
and that if Pickering died, equally to all Pickering's children.

In addition, Plaintiff Betty Pickering and Defendant's husband, Ricky Walker, were business
partners in P&W Cattle Co., an Arkansas general partnership.  Plaintiffs allege that Defendant and

her husband conspired to defraud Plaintiffs through stealing and embezzling P&W Cattle Co.'s funds and equipment and through falsifying records.  Plaintiffs also bring a breach of contract claim against Defendant on a loan of $68,956.73.  In addition to money damages, Plaintiffs seek a preliminary and permanent injunction to prohibit Defendant from selling the real property at issue in this matter.

Defendant filed a Petition for Partition in the Circuit Court of Sevier County on November 5, 2007,  (Case No. 4:07-CV-4118, Doc. 1-2) and filed a Lis Pendens (Case No. 4:07-CV-4118, Doc. 1-3) on the property.  Plaintiffs filed the instant action in this Court on December 21, 2007,  (Doc. 1) alleging fraud, constructive fraud, conspiracy to commit fraud and breach of contract.  The matter is now before the Court on Defendant's Rule 12(b) Motion to Dismiss.

## LEGAL STANDARD

In reviewing Walker's Motion to Dismiss, the Court assumes as true all factual allegations of the complaint.  *Erickson v. Pardus*, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 914 (8th Cir. 2001).  "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.,* 276 F.3d 1019, 1022 (8th Cir. 2002).  The complaint must "provide a defendant with some indication of the loss and the causal connection that a plaintiff has in mind." *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965

2

(quotation marks, citations, and footnote omitted).  This Court will dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

Regarding Walker's alternative request for more definite statement, Federal Rule of Civil Procedure 12(e) provides, in relevant part: "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e).  A motion for more definite statement is properly granted only where a "major ambiguity or omission in the complaint" renders it "unanswerable." *Farah v. Martin*, 122 F.R.D. 24, 25 (E.D. Mich. 1988).  Motions for more definite statements are disfavored, due to the notice pleading standards of the Federal Rules of Civil Procedure and the availability of liberal and extensive discovery. *See, e.g.*, *Weiszmann v. Kirkland and Ellis*, 732 F.Supp. 1540, 1549 (D. Colo. 1990).  Importantly, motions for more definite statement are not to be used as a substitute for discovery. *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003).  Rule 12(e) is designed to strike unintelligible pleadings, not those merely lacking detail. *Id*.  Mindful of the applicable legal standards, the Court now turns to the substance of Defendant's motion.

## DISCUSSION

At the heart of Defendant's Motion is her argument that Plaintiffs' fraud or constructive fraud claims have been improperly plead under Fed. R. Civ. P. 9(b) or fail to state a cause of action under Fed. R. Civ. P. 12(b)(6).  The Court disagrees.

In Arkansas, fraud is established by proving the existence of the following five elements: (1) a false representation, usually of a material fact; (2) knowledge or belief by the defendant that the

3

representation is false; (3) intent to induce reliance on the part of the plaintiff; (4) justifiable reliance by the plaintiff; and, (5) resulting damage to the plaintiff. *Wiseman v. Batchelor*, 315 Ark. 85, 88-89, 864 S.W.2d 248, 250 (1993); *Nicholson v. Century 21,* 307 Ark. 161, 818 S.W.2d 254 (1991); *McWilliams v. Zedlitz,* 294 Ark. 336, 742 S.W.2d 929 (1988); Brill, *Arkansas Law of Damages,* § 35-7, p. 489 (1990). As Defendant correctly notes, fraud is among the enumerated special matters under Rule 9 which must be plead with particularity, which is akin to setting forth the "who, what, when, where and how: the first paragraph of any newspaper story." *Great Plains Trust Co. v. Union Pacific. R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007)(quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Upon review, the Court is satisfied that Plaintiffs' Amended Complaint sets forth sufficient facts to satisfy the legal requirements for a fraud or constructive fraud claim to avoid dismissal on either ground–failure to state a cause of action under Fed. R. Civ. P. 12(b)(6) or failure to plead with particularity. *See Wiseman,* 315 Ark. at 88-89; *DuBois v. Ford Motor Credit Co.,* 276 F.3d at 1022. Additionally, Defendant has filed cogent answers to both Plaintiffs' original complaint and Plaintiffs' Amended Complaint, such that the Court is satisfied that Defendant's alternative request–for a more definite statement–should be denied. *See Weiszmann v. Kirkland and Ellis*, 732 F.Supp. at 1549.

Defendant also argues that Plaintiffs' claims fail to meet the amount-in-controversy requirement, and that the Court lacks subject matter jurisdiction as a result. In response, Plaintiffs allege that they are seeking, *inter alia*, title to land "worth at least $880,000.00." (Doc. 6, pg. 3). Taking Plaintiffs' allegations as true, as the Court must for the purposes of this motion, *Erickson*, 127 S.Ct. at 2200, the Court is satisfied that Plaintiffs' claims satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332.

4

Among Defendant's remaining grounds for dismissal under Rule 12 is her assertion that, with respect to the claims arising from Betty Pickering and Ricky Walker's cattle business activities, "Plaintiffs make no attempt in their complaint to link this cause of action to the others." (Doc. 4, pg. 2). However, Plaintiffs may join as many causes of action as they may have against Defendants. Fed. R. Civ. P. 18(a), and Plaintiffs' purported failure to "link" their claims related to P&W Cattle Co. to the others does not render the Amended Complaint subject to dismissal.

## CONCLUSION

For reasons stated herein and above, Defendant Janice Walker's Rule 12(b) Motion to Dismiss should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 16th day of September, 2008.

> _____/s/Harry F. Barnes_____
> Hon. Harry F. Barnes
> United States District Judge

5